liPEATROSS, Judge.
Jessie Ricky Hughes (“Hughes”) appeals the judgment of the juvenile court ordering him to pay one-half the costs of court-ordered psychological counseling and random drug/alcohol testing for his minor daughter J.L.H. For the reasons expressed below, we vacate the portion of the judgment requiring such payment and remand.
FACTS
On January 21,1997, J.L.H. was adjudicated as a child of a Family in Need óf Services (“a FINS child”). On February 13, 1997, a disposition hearing was held in closed court. According to the minute entry, J.L.H.’s mother, grandmother and appointed attorney were present at the hearing. By judgment rendered February 13,1997, and signed February 25, 1997, the juvenile judge committed J.L.H. to the Department of Public Safety and Corrections for one year. By the same judgment, J.L.H.’s commitment was suspended and she was placed on supervised probation for one year.
As conditions of her probation, J.L.H. was ordered by the juvenile court to submit to random drug/alcohol screenings and to participate in psychological treatment. Hughes was ordered to pay one-half of the costs of the drug/alcohol testing and psychological counseling of J.L.H.
Hughes appeals, pro se, the judgment ordering him to pay one-half of the costs of drug/alcohol screening and counseling of J.L.H. He- assigns as error that he “should have been given a chance in court to explain the entire situation.”
In his brief, Hughes states that he has sole custody of three of the four children born of his previous marriage to the mother of J.L.H. and that he alone provides support for these children. Hughes argues that he and his current wife cannot afford to pay for the testing and counseling of J.L.H. and that to do so would create a hardship for his family. Hughes prays to be relieved of the ^responsibility for paying one-half of the costs of the counseling and testing of J.L.H.
DISCUSSION
La. Ch. C. arts. 777, et seq., provide for a judgment of disposition of a child who has been adjudicated a FINS child. La. Ch. C. art. 782 provides that the court shall enter into the record a written judgment of disposition specifying, among other requirements, “[t]he nature of the disposition, including the responsibilities of the child, his caretakers, and the public providers in securing or providing needed, particularized services for the family members” and “[h]ow the needed services are to be paid for.”
La. Ch. C. art. 783 provides that, as part of a judgment of disposition of a FINS child, the parents of the child may be required to contribute to the costs of care of the child in an amount commensurate with the parent’s ability to pay for such care. The comments to Article 783 state that the article is intended to broaden the authority of any service provider, regardless of whether the child has been removed from, or remains in, the family home, to seek reimbursement for the costs of services.
We note that Article 783 applies to a child assigned to custody other than that of the child’s parents. We find, nevertheless, that a fair reading of Articles 782 and 783, together with the comments, evidences clear legislative intent for parents to contribute to the costs of care, services and treatment of their FINS children. By authority of the articles noted above, a court may, in a judgment of disposition of a FINS child, require a parent to contribute to the costs of the care, services and treatment of his or her minor child.
Article 783, however, requires the parent to be given a reasonable opportunity to be heard and the payment to be awarded in an amount commensurate with the parent’s ability to pay for such care. Concerns of fairness hand due process likewise require that Hughes be given such an opportunity to be heard. The record before us does not reflect whether Hughes was served with notice of the proceeding in which he was ordered to pay for'J.L.H.’s screenings and counseling. We vacate the portion of the judgment re *1167 quiring payments by Hughes and remand for further proceedings.
CONCLUSION
We vacate the portion of the judgment requiring payments by Hughes and remand for further proceedings.
JUDGMENT VACATED IN PART AND REMANDED.